**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
Attorneys for Plaintiff Sangamo BioSciences, Inc.

15 CV 03004

RECEIVED
APR 17 2015
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANGAMO BIOSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RA CAPITAL HEALTHCARE FUND, L.P., BLACKWELL PARTNERS, LLC, RA CAPITAL MANAGEMENT, LLC and PETER KOLCHINSKY, <br><br> Defendant. | COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. Section 78p(b) <br><br> Jury Trial Demanded |

Plaintiff Sangamo BioSciences, Inc. ("Sangamo" or "Plaintiff"), by and through its attorneys Morgan, Lewis & Bockius LLP, respectfully alleges the following for its complaint against RA Capital Healthcare Fund, L.P., Blackwell Partners, LLC, RA Capital Management, LLC and Peter Kolchinsky (collectively, "Defendants"):

**JURISDICTION**

1. This lawsuit arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

-2-

## THE PARTIES

2. Sangamo is a Delaware corporation and its offices are located at 501 Canal Boulevard, Richmond, CA 94804.

3. Defendants RA Capital Healthcare Fund LLP (the "Fund"), RA Capital Management LLC ("RA Capital") and Peter Kolchinsky ("Kolchinsky") maintain a principal place of business or are located at 20 Park Plaza, Suite 1200, Boston, MA 02116.

4. Defendant Blackwell Partners LLC ("Blackwell") maintains a principal place of business c/o Dumac, Inc., 280 S. Mangum Street, Suite 210 Durham, NC 27701.

5. This action is brought for the benefit of Sangamo to recover "short-swing" profits from the Defendants pursuant to Section 16(b) of the Act.

## FACTUAL ALLEGATIONS

6. At all times relevant to this Complaint, the common stock of Sangamo was registered under Section 12(b) of the Act and was traded on The NASDAQ Global Select Market (the "Exchange"), a National Securities Exchange located within this district. One or more transactions that are relevant to this lawsuit took place on the Exchange.

7. From on or before September 11, 2013, each of Kolchinsky, RA Capital, the Fund, Blackwell and other persons acting as a group were insiders of Sangamo because they were directly or indirectly, beneficial owners of more than 10 percent of a class of equity security registered under Section 12 of the Act through direct ownership of Sangamo common stock and/or through ownership of derivative securities convertible within sixty days into Sangamo common stock.

8. RA Capital and Kolchinsky, by reason of their power to acquire, hold, vote and dispose of shares owned by the Fund, Blackwell and other managed accounts and their

-3-

performance-based fee interest in such holdings are also beneficial owners and answerable for short-swing profits to the extent of their pecuniary interests in such transactions by the Fund, Blackwell and other managed accounts.

9. At all times relevant to this lawsuit, the Fund and Blackwell were members of a "Group" pursuant to Rule-13(d) of the Act, under the common management of RA Capital and Kolchinsky which acted in concert to acquire, hold and dispose of shares of the common stock of Sangamo. Each purchase or sale of shares by either the Fund or Blackwell was matched by a proportional purchase or sale by the other on the same date, and voting control was ceded by both to the single manager controlled by a single proprietor.

10. Venue is correct in this district as the National Securities Exchange upon which one or more subject transactions took place is headquartered within the district.

## STATUTORY REQUISITES

11. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

12. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities and Exchange Commission.

## FIRST CLAIM FOR RELIEF

13. On February 18, 2015, Defendants RA Capital Healthcare Fund, LP, RA Capital Management, LLC, and Peter Kolchinsky filed delinquent reports with the Securities and Exchange Commission pursuant to Section 16(a) of the Act disclosing for the first time the

purchases and sales of Sangamo common stock and options described below during periods when those defendants were 10% beneficial owner insiders of Sangamo.

14. On June 26, 2013, the Fund purchased call options (right to buy) covering 745,000 shares of the common stock of Sangamo at $7.00 per share. At that time, the Fund also held 3,626,503 shares of Sangamo common stock outright and owned additional options to purchase 1,490,000 additional shares of Sangamo common stock. As a result of its purchase of the call options and its holdings of common stock and call options, the Fund was the direct beneficial owner of over 10% of the outstanding Sangamo common stock. The Fund ceased to be a direct beneficial owner of over 10% of the outstanding Sangamo common stock on July 25, 2013, when it sold 76,800 shares of Sangamo common stock.

15. On December 11, 2013, the Fund purchased 144,880 shares of the common stock of Sangamo. At that time, the Fund also held 3,883,488 shares of Sangamo common stock outright and owned additional options to purchase 2,235,000 additional shares of Sangamo common stock at $7.00 per share. As a result of its purchase of the 144,880 shares and its holdings of common stock and call options, the Fund was again the direct beneficial owner of over 10% of the outstanding Sangamo common stock on December 11, 2013. The Fund ceased to be a direct beneficial owner of over 10% of the outstanding Sangamo common stock on January 9, 2014, when it sold 27,770 shares of Sangamo common stock.

16. On January 29, 2014, the Fund purchased two call options (right to buy). Each call option covered 1,655,000 shares of the common stock of Sangamo (one option with an exercise price of $20.00 per share and one option with an exercise price of $30.00 per share). At that time, the Fund held 3,683,002 shares of Sangamo common stock outright. As a result of its purchase of the call options and its holdings of Sangamo common stock, the Fund was again the

direct beneficial owner of over 10% of the outstanding Sangamo common stock. On the same date, while a direct 10% beneficial owner of Sangamo common stock, the Fund purchased two call options (one with a $20 exercise price and one with a $30 exercise price) and sold two call options (same), each option covering 827,500 shares. On August 1, 2014, the Fund ceased to be a direct beneficial owner of over 10% of the outstanding Sangamo common stock when it sold 27,770 shares of Sangamo common stock.

17. During the periods described in paragraphs 14-16 above, while it was a beneficial owner of more than 10% outstanding Sangamo common stock, the Fund purchased an aggregate of approximately 2,769,302 shares of Sangamo common stock at prices ranging from $9.7862 per share to $23.0217 per share.

18. During the periods described in paragraphs 14-16 above, while it was a 10% beneficial owner of more than 10% of outstanding Sangamo common stock, the Fund sold an aggregate of approximately 5,478,922 shares of Sangamo common stock at prices ranging from $9.3652 per share to $24.283 per share.

19. Upon information and belief, by virtue of participating as a member of a group with defendant Blackwell and others, the Fund became a 10% beneficial owner insider subject to Section 16(b) before, and remained so after, the dates outlined above, and therefore engaged in additional purchases and sales resulting in recoverable profits under Section 16(b) of the Act. Such additional purchases and sales were not included in the reports filed by the Defendants with the Securities and Exchange Commission in contravention of the requirements of Section 16(a) of the Act.

20. The foregoing purchases and sales, may be matched against one another using the "lowest-in, highest-out" method to produce profits recoverable from the Fund and through

performance-based fees, from RA Capital and Kolchinsky. The full amounts of such profits are unknown to Plaintiff pending discovery.

## SECOND CLAIM FOR RELIEF

21. Blackwell has not filed reports disclosing its beneficial ownership of, or its transactions in, Sangamo common stock as required by Section 16(a) of the Exchange Act. However, Blackwell entered into an arrangement and understanding with defendant RA Capital whereby RA Capital purchased and sold Sangamo common stock and options for the account of Blackwell in parallel and proportionate fashion to those purchases and sales made for the account of the Fund. By virtue of such concerted actions, Blackwell participated as a member of a group with defendants RA Capital Healthcare Fund LP and RA Capital Management LLC and therefore became a 10% beneficial owner insider subject to Section 16(b) before, and remained so after, the dates outlined above in paragraphs 14-18, and therefore engaged in purchases and sales resulting in recoverable profits under Section 16(b) of the Act.

22. The foregoing purchases and sales by Blackwell may be matched against one another using the "lowest-in, highest-out" method to produce profits recoverable from Blackwell and through performance-based fees, from RA Capital and Kolchinsky. The full amounts of such profits are unknown to Plaintiff pending discovery.

## THIRD CLAIM FOR RELIEF

23. This Third Claim for Relief is a precaution against probable errors and omissions of details attributable to omissions and inaccuracies in the public record or the discovery of additional trades during the course of this action.

24. The Fund and Blackwell, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and

purchased equity securities or equity security equivalents of Sangamo, including those described in the First and Second Claims For Relief, within periods of less than six months of each other while beneficial owners of more than 10% of a class of equity security.

25. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of Sangamo, the Fund, and Blackwell realized profits, and through performance-based fees with respect to the Fund, Blackwell and other managed accounts, from RA Capital and Kolchinsky, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Sangamo.

WHEREFORE, Plaintiff demands judgment:

(a) Requiring each of the defendants to account for and to pay over to Sangamo the short-swing profits realized and retained by him or it in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

(b) Awarding to Plaintiff its costs and disbursements including reasonable attorneys, accountants and expert witness fees; and

(c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

MORGAN, LEWIS & BOCKIUS LLP

Dated: New York, New York
April 17, 2015

By: *Kevin T. Rover*
Kevin T. Rover (KR-5629)
David G. Braun (DB-4279)

101 Park Avenue
New York, NY 10178

Telephone: 212.309.6000
Facsimile: 212.309.6001

*Attorneys for Plaintiff Sangamo Biosciences, Inc.*