

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

SANGAMO BIOSCIENCES, INC.,

        Plaintiff,

    v.

RA CAPITAL HEALTHCARE FUND, L.P.,
BLACKWELL PARTNERS, LLC, RA
CAPITAL MANAGEMENT, LLC and PETER
KOLCHINSKY,

        Defendants.

---------------------------------------------------------------

No. 1: 15-CV-3004-PAC

[~~PROPOSED~~] ORDER AND FINAL JUDGMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-20-15

    Plaintiff Sangamo Biosciences, Inc. ("SANGAMO") brought this action (the "Action") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), to recover so-called "short-swing" profits alleged to have been realized by defendants RA Capital Healthcare Fund, L.P. ("RAHF"), RA Capital Management, LLC ("RA Capital") and Peter Kolchinsky (collectively, the "RA Capital Parties") and Blackwell Partners, LLC ("Blackwell" and, collectively with the RA Capital Parties, the "Settling Defendants"), or some of them, in connection with their putative purchases and sales of SANGAMO securities.

    ~~On the~~ day of ~~, 2015, a hearing (the~~ "Settlement Hearing") *The Court having considered* was ~~held before this Court to determine~~ (1) whether the terms and conditions of the Stipulation of Settlement dated August 14, 2015 (the "Stipulation"), including the release of the Settling Defendants, are fair, reasonable and adequate for the settlement of all claims asserted by SANGAMO in the Action and should be approved; and (2) whether judgment should be entered

dismissing the Complaint with prejudice. Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Stipulation.

The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise during the course of proceedings in this Action; and after a review of the record herein, the Stipulation and other papers submitted to the Court,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this action and over SANGAMO and the Settling Defendants.

2. The Court finds that SANGAMO, through its counsel, has vigorously prosecuted the claims set forth in the Complaint.

3. The Stipulation (a copy of which is annexed hereto as Exhibit 1) is hereby approved as fair, reasonable and adequate and in the best interests of SANGAMO and its shareholders. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. This Order and Final Judgment shall not constitute evidence or an admission by the Settling Defendants or any other person that any transaction giving rise to liability or damages under Section 16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed, and shall not be deemed to create any inference that there is or was liability of any person therefor. The Settling Defendants do not admit, either expressly or implicitly, that they or any one of them is subject to any liability whatsoever by reason of any of the matters alleged in the Complaint or

referenced in the Stipulation. The Settling Defendants, on the contrary, expressly deny and dispute the existence of any such liability.

5. The Complaint, each claim for relief therein against the Settling Defendants and all claims for violations of Section 16(b) that were asserted in this Action or could have been asserted in any amended complaint against the Settling Defendants and their Related Parties as defined in paragraph 4 of the Stipulation, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6. The Settling Defendants and their Related Parties are hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action (i) by SANGAMO on its own behalf and (ii) by or on behalf of any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of SANGAMO or of any other security or instrument, the value of which is derived from the value of any SANGAMO equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any claim under Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in SANGAMO securities, options to acquire SANGAMO securities and/or other securities or instruments the value of which is derived from the value of any SANGAMO equity security, during the 16(b) Trading Period, as defined in the Stipulation.

7. SANGAMO, counsel for SANGAMO and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of SANGAMO or of any other security or instrument, the value of which is derived from the value of any SANGAMO equity security, or any of them, either individually, directly, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any other action, in this or any other court or tribunal of this or any other jurisdiction, any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action (i) by SANGAMO and (ii) by or on behalf of any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of SANGAMO or of any other security or instrument, the value of which is derived from the value of any SANGAMO equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in SANGAMO securities, options to acquire SANGAMO securities and/or other securities or instruments the value of which is derived from the value of any SANGAMO equity security, during the 16(b) Trading Period, as defined in the Stipulation, regardless of the theory of liability.

8. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration and performance of the Stipulation.

9. The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

SO ORDERED: 8-20-15

*/s/ Paul A. Crotty*

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

SANGAMO BIOSCIENCES, INC.,

        Plaintiff,

        v.

RA CAPITAL HEALTHCARE FUND, L.P.,
BLACKWELL PARTNERS, LLC, RA
CAPITAL MANAGEMENT, LLC and
PETER KOLCHINSKY,

        Defendants.

-----------------------------------------------------------

NO.1: 15-CV-3004-PAC

**STIPULATION OF SETTLEMENT**

WHEREAS, plaintiff Sangamo Biosciences, Inc. ("SANGAMO") brought this lawsuit (the "Action") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), to recover so-called "short-swing" profits alleged to have been realized by defendants RA Capital Healthcare Fund, L.P. ("RAHF"), RA Capital Management, LLC ("RA Capital") and Peter Kolchinsky (collectively, the "RA Capital Parties") and Blackwell Partners, LLC ("Blackwell") and, collectively with the RA Capital Parties, the "Settling Defendants"), or some of them, in connection with their putative purchases and sales of SANGAMO securities; and

WHEREAS, the Settling Defendants deny any liability whatsoever to SANGAMO and this Stipulation of Settlement ("Stipulation") shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendants with respect to any claim, or any fault or liability or wrongdoing or damages whatsoever, or any deficiency in the defenses that the Settling Defendants have or may assert; and

WHEREAS, SANGAMO and the Settling Defendants (collectively, the "Parties") wish to voluntarily settle this action after receiving advice of counsel, and after the negotiations among counsel for the Parties; and

WHEREAS, SANGAMO'S theory of liability in this Action is based on RAHF's and Blackwell's transactions in SANGAMO's common stock and options to acquire SANGAMO's common stock occurring between March 22, 2013 and August 28, 2014inclusive (the "16(b) Trading Period"); and

WHEREAS, SANGAMO asserts that at all times during the 16(b) Trading Period: (i) RAHF and Blackwell beneficially owned, in the aggregate, more than ten percent of SANGAMO's outstanding common stock within the meaning of Rule 13d-3(b) of the Exchange Act; (ii) by virtue of RA Capital's role as the investment advisor to RAHF and Blackwell, and Mr. Kolchinsky's role as the sole managing member of RA Capital, Mr. Kolchinsky and RA Capital may be deemed to be beneficial owners of SANGAMO common stock beneficially owned by RAHF and/or Blackwell, within the meaning of Rule 13d-3(b) of the Exchange Act; (iii) RAHF and Blackwell, together with RA Capital and Mr. Kolchinsky, were members of a group within the meaning of Section 13(d)(3) of the Exchange Act; and (iv) by virtue of their membership in a group, each of the Settling Defendants was subject to Section 16 as a beneficial owner of more than ten percent of Sangamo's outstanding common stock; and

WHEREAS, the Settling Defendants assert that if the Court finds, for purposes of Section 13(d) of the Exchange Act, that RA Capital and Mr. Kolchinsky are not deemed to beneficially own the SANGAMO securities owned by RAHF and/or Blackwell, or that Blackwell, RA Capital and Mr. Kolchinsky were not members of a group with RAHF, there will be no basis for group liability under Section 16(b) in this Action. The Settling Defendants further assert that

SANGAMO'S group theory of beneficial ownership is novel and that there is no precedent directly on point; and

WHEREAS, given the risks and uncertainties of the outcome of this Action and any subsequent appeal, the Parties have concluded that it is in the interest of SANGAMO to settle this Action on the terms set forth herein (the "Settlement"); and

WHEREAS, SANGAMO, through its counsel, Morgan, Lewis & Bockius LLP, has conducted an investigation relating to the claims and the underlying events alleged in the Complaint.  SANGAMO obtained discovery from the Settling Defendants in this Action, including records reflecting all of the Settling Defendants' transactions and positions in SANGAMO equity securities and options from January 1, 2012 to July 1, 2015, the accuracy of which has been confirmed by the Settling Defendants.  As a result, SANGAMO and its counsel have concluded that they have obtained sufficient information to enter into the Settlement contemplated by this Stipulation on a fully-informed basis; and

WHEREAS, SANGAMO asserts that the potential "profit realized" under Section 16(b) arising from the Settling Defendants' transactions in SANGAMO common stock and options to acquire SANGAMO common stock is the sum of $28,683,985 for the RA Capital Parties and $8,071,821 for Blackwell; and in connection with the Parties' settlement negotiations, SANGAMO has shared its discovery and analyses regarding liability and profits with counsel for the Settling Defendants; and

WHEREAS, the Settling Defendants believe that they have several meritorious defenses to Plaintiff's Section 16(b) claims and that the potential liability for the Section 16(b) claims is substantially lower than the $36,755,806 calculated by SANGAMO and in connection with the Parties' settlement negotiations, the Settling Defendants have shared their discovery and analyses

regarding liability and damages with counsel for SANGAMO; and

WHEREAS, the Parties, by their respective counsels, engaged in arm's length settlement negotiations among themselves which culminated in an agreement whereby RA Capital will pay to SANGAMO the sum of $13,125,000 and Blackwell will pay to SANGAMO the sum of $1,375,000; and

WHEREAS, SANGAMO and its counsel agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate and in the best interests of SANGAMO and its shareholders; and

WHEREAS, in evaluating the proposed Settlement provided for herein, SANGAMO and its counsel have considered (i) the substantial benefit being provided to SANGAMO and its shareholders by the proposed Settlement; (ii) the uncertainties of the outcome of this Action, which SANGAMO recognizes turns on the Settling Defendants' separate defenses to Section 16(b) liability in this Action; (iii) that SANGAMO'S theories of liability and damages in this Action are contested by the Settling Defendants; and (iv) that because resolution of the claims in this Action, wherever and however determined, likely would be submitted for appellate review, and that there would be yet additional time until there would be a final adjudication of the claims and defenses asserted, and additional legal fees, which could reduce the amount of any ultimate recovery (whether on a litigated judgment, if SANGAMO were to prevail, or by settlement); and

WHEREAS, the Settling Defendants have agreed to this Stipulation and the Settlement provided herein in order to fully and finally settle and dispose of all claims that have been or could have been raised in this Action and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the

sufficiency of which is hereby acknowledged, as follows:

1.  Within 5 business days after this Stipulation has been executed, the Parties shall jointly move the Court (i) for a hearing to determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interest of SANGAMO and its shareholders (the "Settlement Hearing"), and (ii) for the entry of an Order and Final Judgment (the "Order and Final Judgment") substantially in the form annexed hereto as Exhibit A, which will:

    (a)  Dismiss the Action with prejudice; and

    (b)  Find that SANGAMO and its counsel vigorously prosecuted the claims set forth in the Complaint on behalf of SANGAMO; and

    (c)  Find that the terms of the Settlement are fair, reasonable, adequate and in the best interests of SANGAMO and its shareholders; and

    (d)  Release the Settling Defendants from all claims that were or could have been asserted in the Action and bar SANGAMO and its Counsel and any holder of SANGAMO securities from asserting against any Settling Defendant any claim that was or could have been brought in this Action.

2.  The Order and Final Judgment shall become final ("Final") upon entry, either by expiration of the time for appeal or review of such Order or, if any appeal is filed and not dismissed, after the Order is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

3.  On or before the tenth business day after the Order and Final Judgment approving the Settlement becomes Final: (i) the RA Capital Parties shall wire transfer to SANGAMO the

amount of $13,125,000 and (ii) Blackwell shall wire transfer to SANGAMO the amount of $1,375,000.

(a) Entry and Finality of the Order and Final Judgment is a condition precedent to the RA Capital Parties' and Blackwell's respective obligations to make the Settlement Payments.

(b) In the event the Court does not enter the Order and Final Judgment approving the Settlement, or such Order does not become Final by June 31, 2016, this Stipulation shall be null and void except as to paragraphs 3(a), 5 and 14, and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

4. In consideration of the Settlement Payment, SANGAMO, on behalf of itself and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of SANGAMO or any other security or instrument, the value of which is derived from the value of any SANGAMO equity security, each release and discharge the Settling Defendants, their present, future or former officers, directors, members, employees, agents, attorneys, representatives, advisors and affiliates or associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients and brokers, and each of their heirs, executors, administrators, successors and assigns, and any purported member of a group within the meaning of Section 16(d)(3) of the Exchange Act (the "Related Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions

contained in the Complaint in this Action or that could have been asserted in this Action (i) by SANGAMO or any other person or entity, (ii) by SANGAMO and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of SANGAMO or any other security or instrument the value of which is derived from the value of any SANGAMO equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in SANGAMO securities, options to acquire SANGAMO securities and/or other securities or instruments the value of which is derived from the value of any SANGAMO equity security, during the 16(b) Trading Period, regardless of the theory of liability.  SANGAMO covenants not to bring any additional claims arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action against the Settling Defendants and/or their Related Parties for trading in SANGAMO securities, including, without limitation options to acquire SANGAMO securities or any other derivative security or instrument tied to the value of any SANGAMO equity security, during the 16(b) Trading Period, regardless of the theory of liability.

5. This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes Final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of the Settling Defendants' liability or lack thereof with respect to any such claim or defenses asserted by the Parties or of the Settling Defendants' liability or lack thereof with respect to any such claim or defense or for any damages sought in the Action, or of any

wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.

6.   The Parties acknowledge and agree that, as a result of SANGAMO'S pursuit of this Action and SANGAMO'S pursuit and negotiation of this Stipulation, this Action has been diligently prosecuted against the Settling Defendants within the meaning of Section 16(b) of the Exchange Act.

7.   This Stipulation contains the entire agreement between the Parties concerning the subject matter hereof and neither party is relying upon any representation, promise or assertion not contained herein.

8.   This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulation and all of which, when taken together, shall be deemed to constitute one and the same agreement provided that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

9.   The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation and to compromise and settle all their claims and their defenses relating to the Action.

10.  This Stipulation may not be modified or amended, no may any of its provisions be waived, except by a writing signed by all Parties hereto.

11.  The Parties shall use their best efforts to execute such documents and shall take such other reasonable actions as is necessary to effectuate this Stipulation as provided for herein.

No Party shall disclose this Stipulation, the Settlement or the subject matter of the Action in any press release or filing with the Securities and Exchange Commission without first providing all other Parties a reasonable opportunity to review and comment upon the proposed disclosure, unless such review, would cause the disclosing Party to violate any applicable law.

      12.    The Parties submit to the continuing jurisdiction of this Court(s) for all purposes relating to this Action, and (b) any disputes over this Stipulation and its enforcement.

Dated: New York, New York

August 14, 2015

By: _/s/ Kevin T. Rover_
Kevin T. Rover, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
krover@morganlewis.com
+1.212.309.6000

Attorneys for Sangamo Biosciences, Inc.

_____
Dennis H. Tracey, III, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
dennis.tracey@hoganlovells.com
212-918-3100

Attorneys for RA Capital Management, LLC, RA Capital Healthcare Fund, L.P. and Peter Kolchinsky

_____
Robert H. Pees, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
rpees@akingump.com
212-872-1072

Attorneys for Blackwell Partners, LLC

Dated: New York, New York

August 14, 2015

By: _____
Kevin T. Rover, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
krover@morganlewis.com
+1.212.309.6000

Attorneys for Sangamo Biosciences, Inc.


_____
Dennis H. Tracey, III, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
dennis.tracey@hoganlovells.com
212-918-3100

Attorneys for RA Capital Management, LLC, RA Capital Healthcare Fund, L.P. and Peter Kolchinsky

*/s/*

*Robert H. Pees*
_____
Robert H. Pees, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
rpees@akingump.com
212-872-1072

Attorneys for Blackwell Partners, LLC

| | |
|---|---|
| Dated: New York, New York<br><br>August 17, 2015 | By: _____<br>Kevin T. Rover, Esq.<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>krover@morganlewis.com<br>+1.212.309.6000<br><br>Attorneys for Sangamo Biosciences, Inc.<br><br>_____<br>Dennis H. Tracey, III, Esq.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, NY 10022<br>dennis.tracey@hoganlovells.com<br>212-918-3100<br><br>Attorneys for RA Capital Management, LLC, RA Capital Healthcare Fund, L.P. and Peter Kolchinsky<br><br>_____<br>Robert H. Pees, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>rpees@akingump.com<br>212-872-1072<br><br>Attorneys for Blackwell Partners, LLC |

**SO ORDERED:**

_____
**U.S.D.J.**